IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE RESZETAR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 24-0263-MU ) |
| FRANK J. BISIGNANO, Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacqueline Reszetar brings this action, pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 5, 6 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 7. Upon consideration of the administrative record, Reszetar's brief, the Commissioner's brief,

---

[1] Frank J. Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Frank J. Bisignano is substituted in lieu of Martin O'Malley as the defendant in this action.

and Reszetar's reply brief, the Court concludes that the Commissioner's decision denying benefits should be reversed and remanded.[2]

## I.  PROCEDURAL HISTORY

Reszetar applied for DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, on February 17, 2022, alleging disability beginning on June 30, 2021. (PageID. 258-62). Her date last insured (DLI) was March 31, 2022. (PageID. 39). Her application was denied at the initial level of administrative review on May 6, 2022, and upon reconsideration on July 22, 2022. (PageID. 92-114). On or about August 2, 2022, Reszetar requested a hearing by an Administrative Law Judge (ALJ). (PageID. 134-35). Reszetar appeared at a hearing before the ALJ on May 17, 2023. (PageID. 69-91). On May 15, 2024, the ALJ issued an unfavorable decision finding that Reszetar was not under a disability during the applicable time. (PageID. 34-51). Reszetar appealed the ALJ's decision to the Appeals Council, and, on June 14, 2024, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (PageID. 28-32).

After exhausting her administrative remedies, Reszetar sought judicial review in this Court, pursuant to 42 U.S.C. § 405(g). (Doc. 1). The Commissioner filed the social security transcript on September 25, 2024. (Doc. 9). Both parties filed briefs setting forth their respective positions. (Docs. 14, 17, 21). The parties waived oral argument. (Docs. 19, 20).

---

[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Docs. 5, 6. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

## II.  CLAIM ON APPEAL

Reszetar makes the following claim on appeal:

1) The ALJ erred by failing to adequately explain the reasons for his RFC determination, and therefore, his decision was not supported by substantial evidence. (Doc. 14 at p. 2; PageID. 2881).

## III. BACKGROUND FACTS

Reszetar, who was born on March 28, 1969, was 52 years old at the time she filed her claim for benefits. (PageID. 258). Reszetar initially alleged disability due to occipital lobe epilepsy, aura seizures daily, unable to medicate for seizures, unable to drive for over two years, and depression. (PageID. 292). She stated in her disability report that she stopped working as an environmental health specialist on June 30, 2021 because of her conditions. (PageID. 292).

In her Adult Function Report, which was completed on March 22, 2022, she stated that her conditions limited her ability to work at that time because she had daily auras and her seizures were not under control because of issues with her medication. (PageID. 313). She stated that she spent her days taking her dogs for walks, napping, reading, and trying to stay stress free to prevent auras. (PageID. 314). She also stated that she can handle her own personal care, cook meals, laundry, ironing, house cleaning, minor household repairs, and outdoor work as needed and that she walks and rides a bike as hobbies but cannot when it is too sunny because the sun is a trigger for her auras. (PageID. 314-16). She could not drive at that time because her seizures were not under control. (PageID. 316). On social activities, she stated that she does not

spend time with friends or family because she has lost confidence in people after losing her job. (PageID. 317). Additionally, she stated that she does not have issues following written and oral instructions or getting along with authority figures if they make logical sense, but she does not handle stress or changes in routine well. (PageID. 318-19).

At the May 19, 2023 hearing before the ALJ, Reszetar testified that she does not have a valid driver's license due to her epilepsy. (PageID. 74). She testified that she has a master's degree in environmental management. (*Id.*). She served in the military as the chief of environmental health at an Army medical clinic for many years and currently receives a military pension. (PageID. 75). She worked in the private sector from 2014 to 2018 as the director of environmental health for the Southern Nevada Health District, from 2018 to 2019 as a temporary security officer for a Las Vegas resort, and from 2019 to 2021 as the deputy chief of environmental health for Baltimore County Maryland. (PageID. 77-79). She testified that she is now unable to work because, prior to 2021, she had been diagnosed with a general seizure disorder and just tried to work through her auras (although she lost several jobs due to grand mal seizures), but, in 2021, she was diagnosed with occipital lobe epilepsy and realized that she has to avoid things, like stress and bright lights, that trigger her auras and seizures. (PageID. 53). She testified that she has auras three to four times a day that last from 10 to 30 minutes each and that she must sit down and wait until they subside. (PageID. 82). She also testified that she was being treated with medication and therapy for major depression at the time of the hearing. (PageID. 84-85). She explained that, although she can do household chores, she has to do them at her own pace to avoid auras. (PageID. 86).

## IV. ALJ'S DECISION

After conducting a hearing, the ALJ determined that Reszetar was not under a disability at any time from June 30, 2021, the alleged onset date, through the date last insured, March 31, 2022, and thus, was not entitled to benefits. (PageID. 37-51). In applying the five-step sequential evaluation to Reszetar's claim, at step one, the ALJ found that Reszetar had a date last insured of March 31, 2022 and had not engaged in substantial gainful activity ("SGA") from her alleged onset date, June 30, 2021, through her date last insured. (PageID. 39). Therefore, he proceeded to an evaluation of steps two and three. The ALJ found that Reszetar had the following severe impairments, through the date last insured: epilepsy, obesity, anxiety disorder, major depressive disorder, and post-traumatic stress disorder, but that she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (PageID. 40-42). After considering the entire record, the ALJ concluded that, through the date last insured, Reszetar has the residual functional capacity ("RFC") to perform light work, except that she can frequently climb ramps or stairs but can never climb ladders, ropes, or scaffolds; she can never tolerate exposure to unprotected heights or flickering lights; she can never operate hazardous machinery or a motor vehicle; she can tolerate frequent exposure to humidity, wetness, atmospheric conditions, extreme heat, extreme cold, and vibrations; she can tolerate a moderate noise environment, like an office; she can understand, remember, or carry out simple, routine, repetitive tasks; she can make judgments on simple, work related decisions; and she can occasionally interact with the public, coworkers, and/or supervisors in a routine work setting. (PageID. 43-49). After setting forth her RFC, the ALJ determined

5

that Reszetar was unable to perform any past relevant work. (PageID. 49). The ALJ, however, found that, considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Reszetar can perform. (PageID. 50-51). Accordingly, the ALJ found that Reszetar was not disabled within the meaning of the Act from June 30, 2021, the alleged onset date, through the date last insured, which was March 31, 2022. (PageID. 51).

## V. STANDARD OF REVIEW

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. § 423(a)(1)(E). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the [date last insured]." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2). "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past

>    relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## **VI. DISCUSSION**

Reszetar claims that the ALJ's decision was in error for several reasons: 1) the ALJ found her obesity to be both a severe and a non-severe impairment and the decision was, therefore, internally inconsistent; 2) the ALJ erred in evaluating her aura episodes and dismissed her subjective complaints without record support; and 3) the ALJ failed to properly consider the effects of her mental impairments. Based on the finding below that the second asserted error requires remand to the Commissioner, the Court pretermits its discussion of the remaining issues. *See Jenkins v. Colvin*, CA 2:12-00465-N, 2013 WL 3465190, at *2 (S.D. Ala. July 10, 2013).

Reszetar testified that she could not work forty hours a week during the relevant period (June 30, 2021 to March 31, 2022) because of the daily auras she experienced. As acknowledged by the ALJ, she testified that, during the relevant period, she experienced auras three to four times a day during which she had to sit down and wait for the associated tingling and dizziness to go away, which generally took ten to thirty minutes each time. (PageID. 43). Because of these auras, she testified that she was only able to do chores at her own pace. (*Id.*). Her testimony and the medical records showed that coldness, sunlight, bright lighting, loud noises, stress, lack of sleep, and flickering lights could trigger her auras. (PageID. 44).

In his decision, the ALJ discounted this testimony, stating that the "claimant's medical records do not indicate the claimant was persistently observed to experience seizures or auras during medical appointment during the relevant period" and that "despite the claimant's alleged regularly recurring auras, the claimant's medical records indicate that during August 2021 the claimant was noted to routinely ride her bicycle twenty-five miles at a time." (PageID. 44). The Court notes that the ALJ failed to note

8

that none of Reszetar's medical evidence contradicted her reports of auras and, in fact, did not mention that her medical provider informed her at a visit on January 24, 2022, that he could not recommend that she drive due to her auras and advised against it. Having considered the foregoing and all record evidence, the Court finds that the apparent conclusion by the ALJ that Reszetar was not experiencing daily auras because she never had one at her relatively few medical appointments and occasionally rode her bike during a one-month period is not supported by substantial evidence in light of the evidence set forth above and her specific testimony that she could do certain tasks so long as she could do them at her own pace and under certain conditions.

The issue to be considered is whether the RFC accorded Reszetar by the ALJ accounts for any impairment caused by the daily auras. A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a ***regular and continuing basis.***" SSR 96-8p, 1996 WL 374184, at *1 (emphasis added). It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents the most, not the least, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2. The RFC assessment is based on "all of the relevant medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3).

The ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's physicians or other

9

experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)).

Having reviewed the entire decision, and specifically, the RFC accorded Reszetar, the Court is unable to determine whether the ALJ considered the limitations caused by her daily auras in making his RFC determination. Mindful of the limits of its review, the Court declines to make a determination as to the effect of the auras on Reszetar's RFC when such a determination is within the purview of the ALJ. Accordingly, for the reasons set forth herein, the Court finds that this case should be remanded so that the Commissioner can specifically consider the effect of her daily auras during the relevant period on her RFC.

### VII. <u>CONCLUSION</u>

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff Jacqueline Reszetar's claim for benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see*

*Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

      **DONE** and **ORDERED** this the **30th** day of **September, 2025**.

                                    s/P. BRADLEY MURRAY
                                    **UNITED STATES MAGISTRATE JUDGE**